## J. W. Moore et al. v. Milton McClure.

Decided June 22, 1901.

Costs—Sheriff's Fees for Serving Citation on Several Defendants.

    Under the statute allowing sheriffs a fee for "serving each original citation in a civil suit," and providing that, where there are more defendants than one, he shall deliver to each defendant in person a true copy of the citation, an original citation containing the names of several defendants is served as many times as there are defendants served, and the sheriff is entitled in each instance to the fee allowed for "serving each original citation." Rev. Stats., arts. 1218, 2460.

Appeal from Wise. Tried below before Hon. J. W. Patterson.

*T. J. McMurray,* for appellants.

*R. E. Carswell,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—This appeal is from a judgment retaxing costs at the instance and in favor of appellee, the court holding that the sheriff was entitled to but one fee for serving citation on twenty defendants in the same suit, all residing in the same county.

The statute makes it the duty of the sheriff in executing citation, where there are more defendants than one, to deliver to each defendant in person a true copy of the citation. Rev. Stats., art. 1218. The sheriff is allowed a fee for "serving each original citation in a civil suit." Art. 2460.

We are of opinion that where the original citation is served on all of several defendants, it is served as many times as there are defendants, and that for each service the sheriff is entitled to the fee allowed for "serving each original citation in a civil suit." Any other construction would deprive the sheriff of compensation for serving the citation on any of the defendants unless all are served. That is, if service on each of the twenty defendants is required before the sheriff is entitled to the fee allowed for "serving each original citation," his failure, through no fault of his own, to serve the citation on the twentieth defendant, would deprive him of all compensation for serving the nineteen, a result too unreasonable and unjust ever to have been contemplated by the Legislature.

The judgment is therefore reversed and here rendered for appellants upon the conclusions of fact found in the record.

*Reversed and rendered.*

Writ of error refused.